**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **ALABAMA STATE PORT AUTHORITY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CASE NO: 1:25-cv-315** |
| **vs.** | * | |
| | * | |
| **GULF PORT ALABAMA, LLC and GULF CORP.,** | * | |
| | * | |
| **Defendants.** | * | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Alabama State Port Authority ("Plaintiff"), by its undersigned attorneys, sues Defendants Gulf Port Alabama, LLC and Gulf Corp. (collectively "Defendants"), and avers as follows:

INTRODUCTION

1. This is an action in law and equity for service mark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*., for service mark infringement under Ala. Code § 8-12-16, for dilution under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), for dilution under Ala. Code § 8-12-17, for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), for unfair competition under the common law, and for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*.

2. As set forth below, through their continuing use of the names "Port Alabama Industrial Center" and "Port Alabama," use of the internet domain name "portalabama.com," and other unauthorized uses of marks confusingly similar to Plaintiff's service marks ALABAMA PORT AUTHORITY, ALABAMA STATE PORT AUTHORITY, and related marks (sometimes referred to individually as a "Mark" or collectively as the "Marks"), including unauthorized public

display on the www.portalabama.com website of a video specially commissioned and owned by Plaintiff (the "Copyrighted Work") displaying various of Plaintiff's Marks, Defendants have willfully infringed and diluted Plaintiff's Marks, have acted as cybersquatters by intending to profit from the goodwill associated with the Marks, have unfairly competed with Plaintiff, and have infringed Plaintiff's copyright rights in the Copyrighted Work. These activities will continue unless enjoined by this Court.

PARTIES

3. Plaintiff is an agency of the State of Alabama located in Alabama and with its principal address located in Mobile County, Alabama.

4. On information and belief, Defendant Gulf Port Alabama, LLC, is a foreign limited liability company with its principal place of business in Dallas, Texas, doing business in Baldwin County, Alabama.

5. On information and belief, Gulf Corp. is a foreign corporation with its principal place of business in Dallas, Texas, doing business in Baldwin County, Alabama.

JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338. The Court has supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367(a).

7. Jurisdiction over the Alabama common law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and to the state causes of action. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state law claims which are joined with the federal trademark and unfair competition claims.

8. Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action averred herein.

9. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. 1400 because:

a. The claims arise in the Southern District of Alabama; and

b. Defendants are operating, conducting, engaging in, carrying on, or doing business in the Southern District of Alabama by, among other things, selling their products or services within this district.

FACTS COMMON TO ALL COUNTS

A. Plaintiff's Proprietary Rights in the Marks

10. Plaintiff is an agency of the State of Alabama formed to own and operate the public terminals of the Port of Mobile. Plaintiff is one of the largest, most prominent, and fastest growing seaports in the United States. Since 1928, Plaintiff (or its predecessor Alabama State Docks) has provided various services in connection with the ownership and operation of the terminals of the Port of Mobile, including (but not limited to) freight management services, business consulting, management, and planning services in the field of freight transport, vessel mooring services, cargo transportation, loading/unloading, warehousing, supply chain logistics services, and promoting economic development in the State of Alabama. Plaintiff moves approximately 500,000 Twenty-Foot Equivalent Units (20-foot shipping containers) and handles in excess of 55 million tons of international and domestic cargo and more than 1 million tons of liquid bulk for exporters and importers annually. Plaintiff's service routes include stops in the United States, Japan, South Korea, China, Taiwan, the Philippines, Vietnam, Singapore, Mexico, Belize, Guatemala, Honduras, Costa Rica, Panama, Columbia, Brazil, Argentina, the Bahamas, Jamacia, Haiti, the

Dominican Republic, the Virgin Islands, Guadeloupe, Dominica, Martinique, St. Lucia, St. Vincent, Grenada, Spain, France, Germany, Italy, Belgium, the Netherlands, Turkey, Slovenia, Saudi Arabia, India, and Sri Lanka. Since Plaintiff's inception, Plaintiff's operations have generated hundreds of thousands of jobs and billions in state and local tax revenue in Alabama. Plaintiff's operations bring approximately $98.3 billion annually in economic value to Alabama and have brought more than $415 billion in economic value to Alabama since 2019.

11. Plaintiff possesses all rights, title, and interest in and to the common law Mark ALABAMA STATE PORT AUTHORITY based on the continuous use of that Mark in the U.S. and worldwide commerce by Plaintiff since at least as early as 2000 in connection with the aforementioned services provided in connection with ownership and operation of the public terminals of the Port of Mobile.

12. Plaintiff's use of the Mark ALABAMA STATE PORT AUTHORITY has continued uninterrupted since 2000 and Plaintiff has never abandoned its use of that Mark for the aforementioned services provided in connection with ownership and operation of the public terminals of the Port of Mobile.

13. The Alabama Secretary of State issued certificates of registration of the ALABAMA STATE PORT AUTHORITY Mark on July 1, 2025. (Exhibit A.)

14. Plaintiff possesses all rights, title, and interest in and to the common law Mark ALABAMA PORT AUTHORITY and related design Marks including, but not limited to: 

, 

, 

, and  based on the continuous use of those Marks in the U.S. and worldwide commerce by Plaintiff since at least as early as 2021 in connection with the aforementioned services provided in connection with ownership and operation of the public terminals of the Port of Mobile.

15. Plaintiff's use of the Mark ALABAMA PORT AUTHORITY and related design Marks has continued uninterrupted since at least as early as 2021 and Plaintiff has never abandoned its use of those Marks for the aforementioned services provided in connection with ownership and operation of the public terminals of the Port of Mobile.

16. The Alabama Secretary of State issued certificates of registration of the ALABAMA PORT AUTHORITY Mark and related design Marks on June 18, 2025, and June 27, 2025. (Exhibit B.)

17. Plaintiff's ALABAMA PORT AUTHORITY, ALABAMA STATE PORT AUTHORITY, and related design marks are the subjects of U.S. Trademark Application Serial Nos. 98856614, 99260029, 98856533, 98856659, and 98856575.

18. In addition, Plaintiff maintains a website located at www.alports.com on the internet on which it uses the Marks relating to the aforementioned services provided in connection with ownership and operation of the public terminals of the Port of Mobile. The Marks are famous service marks that are widely recognized both by the public and trade and have built up extensive goodwill. The Marks are inherently distinctive service marks to both the public and trade in connection with Plaintiff's services provided in connection with ownership and operation of the public terminals of the Port of Mobile. The Plaintiff's Marks serve primarily as designators of origin of Plaintiff's services relating to the ownership and operation of the public terminals of the Port of Mobile.

19. As a result of the widespread use and display of Plaintiff's Marks, both the public and the industry use the Marks to identify and refer to Plaintiff's services relating to the ownership and operation of the public terminals of the Port of Mobile.

20. As a result of the widespread use and display of Plaintiff's Marks, the Marks have built up secondary meaning and extensive goodwill.

B. Plaintiff's Proprietary Rights in the Copyrighted Work

21. Plaintiff specially commissioned a media and production company to produce a video as a work made for hire under 17 U.S.C. § 101. Pursuant to this commission, the hired media and production company created the Copyrighted Work in January 2023 by physical production of a fly-over video with animation and drone footage of Plaintiff's seaport facilities. Because Plaintiff specially commissioned the Copyrighted Work as a work made for hire, Plaintiff owns any and all copyright rights in the Copyrighted Work.

22. The Copyrighted Work can be viewed at Alabama State Port Authority Fly-Over Video.mp4.

23. The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Copyrighted Work.

24. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. PA 2-540-923 for the Copyrighted Work, issued by the United States Copyright Office on July 17, 2025. (Exhibit C.)

25. Plaintiff has publicly displayed the Copyrighted Work by displaying it in the lobby of Plaintiff's main office and by using it in connection with various presentations to government officials, economic development groups, and existing and potential customers and trade partners.

26. The Copyrighted Work is of significant value to Plaintiff in its marketing efforts that have contributed to Plaintiff becoming one of the largest, most prominent, and fastest growing seaports in the United States, bringing billions of dollars annually in economic value to the State of Alabama.

C. Defendants' Infringing Activities and Bad Faith Conduct

27. Upon information and belief, Defendants own, operate, publicize, market, and/or manage an industrial development in Baldwin County, Alabama, using the names "Port Alabama Industrial Center" and "Port Alabama," with the intent to rent out warehouse space.

28. Upon information and belief, Defendants operate or have operated a commerce-related website on the World Wide Web at www.portalabama.com.

29. Without Plaintiff's authorization or consent, Defendants have publicly displayed on the www.portalabama.com website the Copyrighted Work, a video specially commissioned and owned by Plaintiff displaying various of Plaintiff's Marks.

30. As depicted in the screen capture below, the homepage of Defendant's www.portalabama.com website brazenly displays the Copyrighted Work and various of Plaintiff's Marks without authorization:




31. Despite instructions to cease and desist from further business operations which directly or indirectly use the Marks and/or the Copyrighted Work, Defendants have continued to

market and sell their services in commerce using the names “Port Alabama Industrial Center” and “Port Alabama,” to operate the commercial website www.portalabama.com, and to publicly display on the www.portalabama.com website the Copyrighted Work and various of Plaintiff's Marks, in ways that are intentionally confusingly similar to Plaintiff’s Marks.

32. Defendants’ aforementioned unlawful acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants’ services, and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants’ services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

33. Plaintiff has experienced actual confusion in the form of misdirected inquiries from other entities attempting to contact “Port Alabama” instead. By way of example, Plaintiff has received multiple confused inquiries from customers under the misconception that Plaintiff is investing money in “Port Alabama” rather than investing in Plaintiff’s own state docks. In a recent conference with commercial developers, there was hesitation among commercial developers in attendance to invest private money in logistics parks in the Mobile, Alabama, area due to confused concern of avoiding “competing” with Plaintiff on the mistaken perception of an affiliation between Plaintiff and the “Port Alabama Industrial Center” logistics park. Finally, the U.S. Census Bureau sent Plaintiff a construction progress reporting survey relating to the “Port Alabama Industrial Center” project (Exhibit D), reflecting that Defendants’ actions have caused confusion even in the federal government.

34. Defendants’ aforementioned unlawful acts are willful with the deliberate intent to trade on the goodwill of Plaintiff’s Marks, cause confusion and deception in the marketplace, and reap the aesthetic and commercial benefit and value associated with the Copyrighted Work.

35. Defendants' aforementioned unlawful acts are intended to, and are likely to, blur and erode the distinctiveness of the Plaintiff's Marks and tarnish the reputation of Plaintiff and its famous Marks with respect to its services relating to the ownership and operation of the public terminals of the Port of Mobile.

36. Defendants' aforementioned unlawful acts have caused and will continue to cause irreparable harm to Plaintiff and its Marks, and to the business and substantial goodwill represented thereby, and said acts will continue to damage Plaintiff unless restrained by this Court.

37. As a result of Defendants' aforementioned unlawful acts, Plaintiff has been directly damaged, and is continuing to be damaged, by Defendants' unauthorized public display of the Copyrighted Work on the www.portalabama.com website.

38. Defendants' aforementioned unlawful exploitation of the Copyrighted Work has caused and, unless restrained, will continue to cause irreparable harm to Plaintiff.

39. Plaintiff has no adequate remedy at law.

## COUNT I
## UNFAIR COMPETITION
## 15 U.S.C. 1125(a) – Lanham Act §43(a)

40. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff's Marks are entitled to protection under Section 43(a) of the Lanham Act.

42. Defendants' unauthorized use and promotion of marks confusingly similar to Plaintiff's Marks to identify Defendants' warehouse space rental services will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship or approval by Plaintiff of Defendants' warehouse space rental services.

43. Defendants' unauthorized use of the accused marks and the portalabama.com domain name constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

44. Defendants' use of the accused marks and the portalabama.com domain name is without Plaintiff's consent or permission.

45. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Plaintiff has been damaged by Defendants' use of the accused marks and the portalabama.com domain name and will suffer irreparable harm.

47. Plaintiff is entitled to, among other relief, preliminary and permanent injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT II**
**CYBERSQUATTING**
**15 U.S.C. 1125(d)**

48. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 47 as though fully set forth herein.

49. The Plaintiff's Marks are distinctive or famous and entitled to protection.

50. The Defendants registered, trafficked in, and used the portalabama.com domain name, which is confusingly similar to the Plaintiff's Marks and dilutes the distinctive quality of Plaintiff's Marks.

51. Defendants had a bad faith intent to profit from the registration and use of the portalabama.com domain name by creating an association with Plaintiff's distinctive Marks as to source or sponsorship.

52. Plaintiff has been damaged by Defendants' unlawful registration, control, and use of the portalabama.com domain name and will suffer irreparable harm.

53. Defendants' acts, as aforesaid, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

54. Plaintiff is entitled to, among other relief, preliminary and permanent injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III**
**SERVICE MARK DILUTION**
**15 U.S.C. 1125(c)**

55. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff's Marks are distinctive and famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57. Plaintiff's Marks have become famous through extensive, continuous, and exclusive use in commerce.

58. Plaintiff's Marks had become distinctive and famous prior to Defendants' acts as alleged herein.

59. Defendants' infringing conduct as alleged herein has caused, and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's famous Marks by diluting and blurring their distinctive quality,

associating Plaintiff's Marks with inferior, unwholesome, or unrelated products or services, and/or weakening the capacity of Plaintiff's Marks to identify and distinguish Plaintiff's services.

60. Defendant's aforementioned acts constitute willful dilution of Plaintiff's Marks in violation of the Federal Trademark Dilution Act, codified at Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

61. Plaintiff is entitled to, among other relief, preliminary and permanent injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

62. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 61 as though fully set forth herein. This is a common law unfair competition claim for damages and injunctive relief.

63. Plaintiff is the prior user of the Marks at issue.

64. Plaintiff's Marks are inherently distinctive or have acquired secondary meaning.

65. Defendants are using confusingly similar marks to identify similar services marketed by them in competition with Plaintiff in the same trade area where Plaintiff has established goodwill.

66. As a result of Defendants' actions, customer confusion is likely as to the source or sponsorship of Defendants' warehouse space rental services.

67. Plaintiff has been damaged by Defendants' aforementioned acts.

**COUNT V**
**ALABAMA SERVICE MARK INFRINGEMENT**
**Ala. Code § 8-12-16**

68. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 67 as though fully set forth herein.

69. Plaintiff owns Alabama State Trademark Registration Nos. 134-993, 134-994, 134-995, 134-996, 134-997, 134-998, 134-993, 135-091, 135-113, and 135-114, all registered with the Alabama Secretary of State.

70. Plaintiff's registrations are for the marks ALABAMA PORT AUTHORITY, ALABAMA STATE PORT AUTHORITY, 

, and 

.

71. Plaintiff's Marks are valid, subsisting, and entitled to protection under Alabama law.

72. Defendant, without the consent or authorization of Plaintiff, has used in commerce marks, namely, PORT ALABAMA and PORT ALABAMA INDUSTRIAL CENTER, that reproduce, counterfeit, copy, or are colorable imitations of Plaintiff's Marks in connection with the advertising, offering for sale, or sale of goods or services in Alabama.

73. Defendant's use of the infringing marks is likely to cause confusion, mistake, or deception among consumers in Alabama as to the source, sponsorship, affiliation, or approval of Defendant's goods or services.

74. Defendant's acts constitute service mark infringement in violation of Alabama Code § 8-12-16(a), which prohibits any person from using, without the registrant's consent, any reproduction, counterfeit, copy, or colorable imitation of a registered mark in a manner likely to cause confusion or mistake or to deceive.

75. Defendant's acts were undertaken willfully, deliberately, and in bad faith with the intent to trade on Plaintiff's reputation and goodwill.

76. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable harm to its service mark rights, business reputation, and goodwill, for which it has no adequate remedy at law.

77. Plaintiff is entitled to preliminary and permanent injunctive relief under Alabama Code § 8-12-18 to prevent further infringement.

78. Plaintiff is also entitled to recover damages, including but not limited to Defendant's profits, Plaintiff's actual damages, and the costs of this action, and treble damages and reasonable attorneys' fees pursuant to Alabama Code § 8-12-19.

**COUNT VI**
**ALABAMA SERVICE MARK DILUTION AND UNFAIR PRACTICES**
**Ala. Code § 8-12-1 *et seq.***

79. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 78 as though fully set forth herein.

80. Prior to Defendants' use of the accused marks and the portalabama.com domain name, Plaintiff used its Marks in connection with the aforementioned services provided in connection with ownership and operation of the public terminals of the Port of Mobile.

81. Plaintiff's Marks have become famous through extensive, continuous, and exclusive use in commerce.

82. Plaintiff is informed and believes that Defendants had knowledge of Plaintiff's aforesaid use of the Marks in connection with the aforementioned services provided in connection with ownership and operation of the public terminals of the Port of Mobile.

83. The Secretary of State has issued certificates of registration to the Plaintiff for the Marks. (Exhibits A and B.)

84. Defendants' use and promotion of the accused marks and the portalabama.com domain name, which are confusingly similar to Plaintiff's Marks, misleads and causes innocent consumers to mistakenly purchase Defendants' warehouse space rental services supposing they are Plaintiff's services.

85. Defendants' conduct has and will cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's famous Marks by diluting and blurring their distinctive quality, associating Plaintiff's Marks with inferior, unwholesome, or unrelated products or services, and/or weakening the capacity of Plaintiff's Marks to identify and distinguish Plaintiff's services.

86. The Defendants' actions constitute service mark dilution and unfair methods of competition.

87. The Defendants have willfully undertaken these acts, and knew or should have known that such uses or practices were unlawful.

88. The Plaintiff has been damaged by the Defendants' unlawful actions.

**COUNT VII**
**FEDERAL COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 501**

89. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 88 as though fully set forth herein.

90. The Copyrighted Work is an original video containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq*. Plaintiff

is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work. (Exhibit C.)

91. Through Defendants' conduct alleged herein, including Defendants' unauthorized public display of the Copyrighted Work on the www.portalabama.com website, Defendants have directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

92. On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work and has enabled Defendants illegally to profit therefrom.

93. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to recovery of Defendants' profits attributable to Defendants' conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

94. Plaintiff further is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

95. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that the Court issue an Order:

A. Granting a preliminary and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation "Port Alabama Industrial Center," "Port Alabama," or similar terms; (2) the portalabama.com domain name; (3) any other designation that is likely to cause dilution of the distinctiveness of the Plaintiff's Marks or injury to Plaintiff's business reputation; (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendants' business and/or products and/or services are in any way associated with or related to Plaintiff or its products and/or services; or (5) the Copyrighted Work or any portion thereof;

B. Ordering the Defendants to relinquish all rights in the portalabama.com domain name, and directing Defendants to transfer the portalabama.com domain name to Plaintiff;

C. Directing Defendants to account to Plaintiff for any and all profits derived by them from the sale of products or services through the use of the infringing marks, the aforementioned portalabama.com domain name, or the Copyrighted Work;

D. Awarding Plaintiff a monetary judgment against Defendants for the maximum damages allowable pursuant to 15 U.S.C. § 1125 and 17 U.S.C. § 504(b);

E. Awarding costs and attorneys' fees as allowed by applicable law under the circumstances and causes of action;

F. Awarding interest, including pre-judgment and post-judgment interest, for the foregoing sums; and

G. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: July 31, 2025

Respectfully submitted,

*/s/ J. Craig Campbell*
J. CRAIG CAMPBELL (CAMPJ7981)
Attorney for Alabama State Port Authority

OF COUNSEL:
HAND ARENDALL LLC
P. O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile: (251) 694-6375
ccampbell@handarendall.com

*/s/ Alexa Stabler-Adams*
ALEXA STABLER-ADAMS (3790Y87H)
Attorney for Alabama State Port Authority

OF COUNSEL:
AdamsIP, LLC
453 Dauphin St
Mobile, AL 36602-2403
Telephone: (251) 289-9787
alexa@adamsiplaw.com

**Please serve the following Defendants by Certified Mail as follows:**

**Gulf Port Alabama, LLC**
**c/o Capitol Corporate Services Inc.**
**2 North Jackson St. STE 605**
**Montgomery, AL 36104**

**Gulf Corp.**
**Galleria North, Tower II**
**13727 Noel Road, Suite 150**
**Dallas TX 75240**

11190367.1